David CARNEY, Petitioner,

v.

Jack MORGAN, et al., Respondents.

Civ. A. No. 3:88–0761.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 15, 1988.

On Motion to Alter or Amend
Oct. 13, 1988.

David Carney, Nashville, Tenn., pro se.

Mike Cody and Jerry Smith, Office of the Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge.

The petitioner Mr. David Carney applied *pro se* for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of conviction of July 15, 1981 of the Criminal Court of Tennessee for its 20th judicial district (comprising Davidson County) in violation of the federal Constitution, Fourteenth Amendment, § 1, Right to the Due Process of the Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a).

Mr. Carney contends that he was denied his federal right to a first appeal as of right from that judgment, because an incomplete record of his trial was submitted to the Court of Criminal Appeals of Tennessee, and because he did not have the effective representation of counsel. He concedes that he failed to present this claim to the courts of Tennessee but argues that such claim may be presented directly to this Court without its having been first exhausted in the courts of Tennessee.

In support of this contention Mr. Carney cites *Hufstetler v. Luna*, 803 F.2d 720 (6th Cir.1986), and *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Such cases support the proposition that a federal court may entertain a state prisoner's claim of a denial of a first appeal as of right under 28 U.S.C. § 2254; however, neither supports the proposition that the exhaustion-requirement is waived with respect to such claim.

Therefore, as it appears plainly upon the face of the application herein, that the petitioner is not now entitled to relief in this Court for his failure to have exhausted the remedies available to him through the corrective processes of the state of Tennessee, such petition hereby is

DISMISSED summarily, Rule 4, Rules —§ 2254 Cases. Should the petitioner give timely notice of an appeal from this order, and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., such notice will be treated as an application for a certificate of probable-cause. Rule 22(b), F.R.App.P. As the petitioner admittedly has not exhausted the remedies made available to him by the state of Tennessee, such certificate shall NOT issue. *Id.*

## MEMORANDUM OPINION AND ORDER

## ON MOTION TO ALTER OR AMEND

The petitioner Mr. David Carney moved this Court to alter or amend its judgment

herein of September 15, 1988,* dismissing his application for the federal writ of habeas corpus for his failure to have exhausted the remedies available to him through the corrective processes of the state of Tennessee. He contends herein that there are circumstances which render such process ineffective to protect his rights as its prisoner.

In support of such contention, Mr. Carney cites 28 U.S.C. §§ 2254(d)(2), (7). Such statutory sections do not support this contention, but merely set-forth two of the circumstances which may override the presumption of correctness this Court is to afford the state Court's finding-of-fact.

Mr. Carney claims further that he exhausted his claims herein pursuant to Rule 3(b), T.R.App.P. That rule addresses the availability of an appeal as of right by defendants in criminal actions; in no way does it establish the exhaustion of Mr. Carney's claim herein.

Mr. Carney contends further that he has no remedy available to him through the state of Tennessee, because the courts of Tennessee will deem the issue presented to have been waived. He attached to his motion herein a copy of an opinion rendered by the Court of Criminal Appeals of Tennessee, wherein such Court held that the issues presented by the petitioner therein, (1) that his Trial–Court gave an unconstitutional jury-instruction and (2) that there was an incomplete transcript on appeal, were waived because they had not been presented on direct appeal, nor in a previous petition for post-conviction relief. *Lacy Wayne Nanney,* appellant, *v. State of Tennessee,* appellee, in the Court of Criminal Appeals of Tennessee, Cr. no. 7, p. 2, 1987 WL 26362 (op. ren. December 9, 1987). He alleges (apparently) that he also will be barred procedurally from presenting his claim herein to the courts of Tennessee, as he failed to raise such claim on direct appeal from his judgment of conviction and in a previous post-conviction proceeding.

"[A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–1573[10], 71 L.Ed.2d 783 (1982). No such "cause" or "prejudice" has been demonstrated herein, thus, the petitioner's motion herein hereby is DENIED.

The clerk will file the petitioner's notice of appeal, received by the clerk on that date, *nunc pro* September 29, 1988.

---

* The petitioner filed a "petition to amend and/or alter the judgment of this Court" which this

Court treats as a motion pursuant to Rule 59(e), F.R.Civ.P.